**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                  Case No. 3:04-cr-244-J-32TEM

RUSSELL LEE PARKER, JR.

_____

## **ORDER**[1]

This case is before the Court on Defendant Russell Lee Parker, Jr.'s Motion for New Trial Based on Newly Discovered Evidence (Doc. 372). The government responded in opposition to the motion (Doc. 374). On May 31, 2006, the Court held a four hour evidentiary hearing on the motion. (Doc. 379). That hearing continued on June 1, 2006, wherein the Court heard argument from counsel based on the evidence presented the previous day. (Doc. 382). The Court incorporates the transcripts of these proceedings by reference and only briefly recites its findings in this Order.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On September 8, 2004, a grand jury returned a sixteen count indictment against Russell Lee Parker, Jr. ("Parker") and one co-defendant, Dale A. Beardsley

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

("Beardsley"). Beardsley entered into a plea agreement with the government (Doc. 98) and Parker proceeded to trial in May 2005. That trial ended in a mistrial when the jury could not agree on a verdict. On June 17, 2005, Parker's case was transferred to the undersigned for retrial. (Doc. 165). The government superseded the indictment against Parker on July 7, 2005 (Doc. 176), and then again on September 7, 2005 (Doc. 249). The second superseding indictment contained twenty counts against Parker. (Id.). Count One alleged a conspiracy pursuant to 18 U.S.C. § 371. (Id.). Counts Two through Ten alleged mail fraud, 18 U.S.C. § 1341, and Counts Eleven through Twenty alleged wire fraud, 18 U.S.C. § 1343. (Id.). From October 11 through October 24, 2005, this Court held Parker's second trial. On October 24, 2005, the jury found Parker guilty on all counts alleged in the second superseding indictment. (Doc. 317). On May 12, 2006, Parker filed the instant motion pursuant to Rule 33, Federal Rules of Criminal Procedure. (Doc. 372).

**II.	DISCUSSION**

"To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir.

2003); see also Lynn v. United States, 365 F.3d 1225, 1237 (11th Cir. 2004) (citing Jernigan).  "[M]otions for a new trial are highly disfavored, and [the] district court should use 'great caution' in granting a new trial motion based on newly discovered evidence." Jernigan, 341 F.3d at 1287 (citations omitted).

Parker bases his Rule 33 motion on: (1) Nikeasha Gibbons' allegedly false trial testimony that, *inter alia*, entering into Parker's real estate investment program resulted in her obtaining dilapidated houses, which, in turn, caused her financial ruin; (2) People's Choice Home Loans ("People's Choice") witness Pam Ingels' trial testimony wherein she allegedly omitted material facts such as that People's Choice actually refinanced six of the allegedly fraudulently procured loans subsequent to the original indictment and prior to the first trial; and (3) the fact that the investors/ buyers in Parker's real estate investment program realized profits, not losses, because of their involvement in the program.

### A. Nikeasha Gibbons

At trial, Nikeasha Gibbons testified for the government and essentially portrayed herself as a victim of Parker's scheme who was financially ruined by it. The government also called Gibbons to testify during the evidentiary hearing on the motion for new trial. While Ms. Gibbons' trial testimony and the testimony elicited during the evidentiary hearing concerning whether she successfully rented some of the properties and whether she obtained money as a result of disposing of the

properties via quitclaim deeds to various individuals, contained some inconsistencies and conflicted with that of Tim Malden[2] (a broker who orchestrated the quitclaim transactions), the Court does not find these inconsistencies to be so stark as to establish that Ms. Gibbons' trial testimony was false or perjurious. While it is understandable why Parker would have liked to have had some of the "newly discovered" information about Ms. Gibbons to cross examine her with at trial, the Court does not find the evidence to be so conclusive as to render defective Ms. Gibbons' trial testimony, or to entitle Parker to a new trial. Neither, under these particular circumstances, does the Court find a duty on the government's part to have discovered this information or to have produced it to defendant.

### B. Pam Ingels

Pam Ingels testified at trial that People's Choice would not have made loans to the investors/ buyers in this case had People's Choice known that the information contained on the 1003 mortgage loan applications ("1003 applications") and HUD-1 closing statements ("HUD-1 statements") was false. Parker, however, alleges that Ingels made material misrepresentations and omitted key facts at trial; namely, that Ingels failed to disclose that People's Choice refinanced six of the loans with the original buyers even after learning that the original mortgages had been obtained

---

[2] Tim Malden testified during the evidentiary hearing and claimed that Gibbons profited by quitclaiming the properties to various individuals, which Gibbons again denied at the evidentiary hearing. Mr. Malden did not testify at trial.

based on false information. Parker's contention is that because People's Choice refinanced six of the properties with the original buyers, People's Choice could not have considered the fraudulent information provided on the 1003 applications and HUD-1 statements as material information in its decision to issue the loans.

Though Pam Ingels did not divulge the refinancing of the loans during her trial testimony, this does not necessarily render false her testimony that People's Choice would not have made the original loans had it known that the information on the 1003 applications and HUD-1 statements was fraudulent. In fact, the government appended to its response to Parker's motion for new trial a letter from Ingels stating that, while four of the six properties had been refinanced, the refinancings were based on new applications, appraisals, credit checks, and title and income documentation. (Doc. 374-2). Thus, the fact of the refinancings was impeachment evidence at best.

### C.     Profits to Buyers

Parker contends that a third ground for a new trial is that his investors/ buyers are profiting through his program. The government posits that based on the counts in the second superseding indictment (conspiracy, mail fraud and wire fraud), whether the investors/ buyers are profiting through Parker's scheme is irrelevant. The government is correct in that none of these crimes are dependent upon whether a deceived party, such as the investor/ buyers or the lenders here, ultimately benefits or suffers because of the scheme. See United States v. Hasson, 333 F.3d 1264,

1270 (11th Cir. 2003) (the elements of a conspiracy are (1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement); United States v. Yeager, 331 F.3d 1216, 1221 (11th Cir. 2003) (the elements of mail fraud are (1) defendant's knowing and willful participation in a scheme or artifice to defraud with specific intent to defraud, and (2) use of mails in furtherance of the scheme); Hasson, 333 F.3d at 1270 (the elements of wire fraud are (1) intentional participation in a scheme or artifice to defraud and (2) use of interstate wires in furtherance of the scheme). Further, both mail fraud and wire fraud require proof of a scheme to defraud, which requires proof of material misrepresentations or the omission or concealment of material facts, see Neder v. United States, 527 U.S. 1, 25 (1999), reasonably calculated to deceive persons of ordinary prudence, see Hasson, 333 F.3d at 1271. The information upon which Parker now relies may well be relevant at sentencing, but it does not entitle him to a new trial.

### III.  CONCLUSION

The Court acknowledges this was a complex case with numerous documents and that Parker was somewhat limited in resources (although Parker himself is highly sophisticated in real estate transactions and greatly aided his able counsel in defending the case). However, any disadvantage caused by these limited resources was lessened because this case was tried twice, giving Parker more than four months

to prepare for the second trial.  Moreover, some (but not all) of the evidence which Parker contends is "newly discovered" could reasonably have been discovered by Parker before the second trial.  In short, Parker received a fair trial.  I am unable to conclude that, even if Parker had available to him before trial all the "new" evidence about which he now speaks, it "would probably [have produced] a different result." Jernigan, 341 F.3d at 1287.

Accordingly, it is hereby **ORDERED**:

1. Defendant, Russell Lee Parker, Jr.'s Motion for a New Trial Based on Newly Discovered Evidence (Doc. 372) is **DENIED**.

2. Parker's sentencing is **SET** before the undersigned on **Thursday, June 8, 2006 at 9:30 a.m.**, in Courtroom 10B, Tenth Floor, United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of June 2006.

---
TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies to:
counsel of record
United States Probation (Carlos Dawson)
United States Marshals Service
Defendant